FILED
Clerk
District Court
JUN 20 2018
for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

KIM DONG-YOUL and MOON HEE KO,

    Plaintiffs,

vs.

PACIFIC INDEMNITY INSURANCE COMPANY,

    Defendant.

Case No.: 17-cv-00018

**DECISION AND ORDER DENYING PLAINTIFFS' FIRST MOTION FOR PARTIAL SUMMARY JUDGMENT AND MOTION TO STRIKE**

    Plaintiffs Kim Dong-Youl and Moon Hee Ko have filed a complaint against their automobile insurance company, Defendant Pacific Indemnity Insurance Company, seeking relief for Defendant's failure to pay the liability limit of the insurance policy, and refusal to indemnify or defend it against a wrongful death lawsuit. (Compl., ECF No. 1-2.) They have now filed two motions for partial summary judgment and a motion to strike Charles Reyes, one of their attorneys, from Defendant's witness list. (ECF Nos. 13, 21, 14, respectively.) The Court heard argument on all three motions on June 7, 2018, and ordered supplemental briefing and a second hearing on Plaintiffs' second motion for partial summary judgment. (ECF No. 43.)

    This Decision & Order resolves the motion to strike and first motion for partial summary judgment. As discussed below, Plaintiffs' first motion for partial summary judgment is DENIED, and the motion to strike is DENIED WITHOUT PREJUDICE.

**I.    BACKGROUND**

    Plaintiffs are residents of Saipan who purchased automobile insurance from Defendant Pacific

Indemnity Insurance Co. (Compl. ¶¶ 2–3, 5, ECF No. 1-2.) The policy covered both Plaintiffs and their son, Woo Hyun Kim. (*Id*. ¶ 5.) On January 3, 2013, Woo Hyun Kim, while driving a vehicle, struck pedestrian Jefferson Kiauol Keju, who died from injuries sustained in the collision. (*Id*. ¶ 6.) Plaintiffs notified Defendant of the accident, and Defendant informed Plaintiffs that it "would take exclusive control of all claims made against them as a result of the accident." (*Id*. ¶¶ 7–8.)

Following these events, Plaintiffs contacted Defendant to demand that it "pay the policy limit of $15,000 to the family of Jefferson Keju." (Feb. 22, 2013 Ltr., Ex. 2, ECF No. 28 at 31.) Mr. Keju's mother, Ms. Apolonia Joseph, through counsel, also contacted Defendant to file a Third Party Claim form, stating the basis of the claim was wrongful death. (June 17, 2013 Ltr. and Claim Form, Ex. 8, ECF No. 28 at 44–45.) In response, Defendant inquired as to whether Ms. Joseph was the "legally appointed executor and/or administrator of the decedent's estate" and requested the appropriate documentation to process the claim. (June 24, 2013 Ltr., Ex. 9, ECF No. 28 at 47.) Ms. Joseph then filed a Petition for Letters of Administration to "probate the estate of the decedent," stating there was "no real and personal property of the estate except for an insurance claim with Pacific Indemnity Insurance Company of Guam." (Petition, Ex. 11, ECF No. 28 at 60–62.) The Commonwealth Superior Court granted the Petition, appointing Ms. Joseph as Administratrix of Mr. Keju's Estate so that she could, among other things, "[p]ursue the insurance claim for the decedent with Pacific Indemnity Insurance Company of Guam." (Order Granting Petition, Ex. 11, ECF No. 28 at 56–57.)

After Ms. Joseph was appointed Administratrix, Defendant offered $15,000 to settle the claim. On February 27, 2014, in exchange for the $15,000 payment to "Estate of Jefferson Kiauol Keju," Ms. Joseph agreed to release Dong-Youl Kim, Moon He Ko, Woo Hyun Kim, and Pacific Indemnity

Insurance Company from "any and all actions causes of action, claims, demands, damages, costs, loss of service, expenses and compensation, on account of, or in any way growing out of, any and all known and unknown personal injuries and property damage resulting or to result from an accident that occurred on or about the 1st day of January 2013, at or near Garapan, Saipan-CNMI." (Release of Claims, Ex. 22, ECF No. 28 at 91.)

On December 31, 2014, Ms. Joseph filed a wrongful death lawsuit against Plaintiffs, and Plaintiffs informed Defendant of the lawsuit. (Ex. 1 to Civille Decl., ECF No. 30 at 5–9.) On February 4, 2016, Defendant responded that because it had already paid out the limit of Plaintiffs' insurance policy, $15,000, it had no duty to defend them against the wrongful death lawsuit. (Feb. 4, 2016 Ltr., ECF No. 1-2 at 15–16.) Plaintiffs, proceeding pro se, ultimately agreed to a stipulated judgment of $300,000 with Ms. Joseph in exchange for a covenant not to sue. (Compl. ¶ 17.)

In this diversity action, Plaintiffs now claim that Defendant's failure to defend them against the wrongful death lawsuit and failure to pay out the actual policy limit of $25,000 amounts to a breach of contract, breach of the implied covenant of good faith and fair dealing, violates the CNMI Consumer Protection Act, and constitutes fraud and intentional misrepresentation. (*See generally id*.) Further, Plaintiffs claim that the $15,000 settlement was not negotiated with the appropriate person and did not have the required court approval, and therefore Defendant acted negligently by leaving them open to a second, larger wrongful death lawsuit, as a result of which they were forced to pay $300,000. (*Id*. ¶ 25.)

Defendant removed this case from the Commonwealth Superior Court (*see* ECF No. 1), and Plaintiffs have filed the instant motions.

## II. LEGAL STANDARD

A court may grant a motion for summary judgment only if "there is no genuine issue of material fact" and the record shows that the moving party "is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying" the parts of the record that "demonstrate the absence of a genuine issue of material fact." *Id*. at 323. If that initial burden is met, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts" and therefore must "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). In considering the evidence submitted by the parties, the court views the facts in the light most favorable to the nonmoving party. *Martinez v. City of Los Angeles*, 141 F.3d 1373, 1378 (9th Cir. 1998).

## III. DISCUSSION

Plaintiffs seek to have their attorney, Charles Reyes, stricken from Defendant's witness list. (ECF No. 14.) They also seek summary judgment on the coverage limit for bodily injury under their insurance policy, asserting that it is $25,000. (ECF No. 13.)

**A. Motion to Strike**

In Defendant's Rule 26(a) initial disclosures, Charles Reyes is listed as an individual "likely to have discoverable information." (Appendix, ECF No. 14-3.) Reyes is described as potentially having "knowledge of the claims negotiations and settlement." (*Id*.)

Plaintiffs request that the Court strike Charles Reyes from Defendant's witness list on the ground that Defendant has failed to identify the information Reyes may have and therefore why he should be called as a witness. (ECF No. 14.) Defendant responds that Reyes has not been identified as a trial witness and therefore the motion should be denied as premature. (ECF No. 26.)

Under Rule 26(a), a party must provide the names, addresses, and telephone numbers for all individuals "likely to have discoverable information" without waiting for a discovery request to be made. A failure to identify an individual at this stage may preclude the party from later using the individual as a witness at trial. *See, e.g.*, *Wallace v. U.S.A.A. Life Gen. Agency, Inc.*, 862 F. Supp. 2d 1062, 1067 (D. Nev. 2012) (excluding witnesses as sanction for party's failure to disclose identities in compliance with Rule 26).

Plaintiff has offered no authority to suggest that an individual listed in a party's initial disclosures should be considered a witness for trial and stricken at this stage of the litigation. The one case relied on by Plaintiff is procedurally inapt. In *Zuma Seguros*, the plaintiff submitted an amended trial witness list that included plaintiff's own lawyer as a witness. *Zuma Seguros, CA v. World Jet of Del., Inc.*, Case No. 15-cv-22626, 2017 WL 3705585, at *1 (S.D. Fla. Aug. 28, 2017). The district court denied defendant's motion to strike but ordered counsel to withdraw as trial counsel. *Id*. at *4. Because *Zuma Seguros* involved a list of *trial witnesses*, not initial disclosures under Rule 26(a), the case is not procedurally similar to the facts at issue here.

"Given that the parties have not yet prepared witness lists for trial," the issue is "premature for resolution." *Corsentino v. Hub Int'l Ins. Servs., Inc.*, Case No. 16-Cv-01917, 2018 WL 1182403, at *8 (D. Colo. Mar. 7, 2018) (denying motion to strike counsel as a witness as premature). Accordingly,

5

the motion to strike is denied without prejudice.

**B. First Motion for Partial Summary Judgment**

The parties do not dispute that Plaintiffs held an automobile insurance policy from Defendant. However, they dispute the liability limit for bodily injury under the policy, with Plaintiffs claiming it is $25,000, and Defendant claiming it is $15,000. (*See* Pls'. Mem. in Supp., ECF No. 13-1; Def's. Opp. Br., ECF No. 29.)

Under Commonwealth law, an "insurance contract is construed liberally in favor of the insured and strictly against the insurer." *Dong v. Royal Crown Ins. Corp.*, Case No. 09-cv-00035, 2010 WL 4072285, at *24 (D.N. Mar. I. Oct. 18, 2010) (quoting *Ishimatu v. Royal Crown Ins. Corp.*, 2010 MP 8 ¶ 19. Further, the policy must be "enforced according to its terms by reading it as a whole." *Id*. However, when the language is ambiguous, the ambiguous term "is interpreted in favor of coverage." *Id*.

Here, the Declarations page of Plaintiffs' auto insurance policy states that the limit of liability for bodily injury is $15,000 for each person and $30,000 for each accident. (Policy, ECF No. 28 at 5.) The Declarations page also indicates that a number of Endorsements are "a part of the policy," including PP 1000 08 01 08. (*Id*.) Endorsement PP 1000 08 01 08 states that the "following is added to the Definitions Section" of the policy: "Throughout the policy, 'minimum limits' refers to the following limits of liability as required by Guam law, to be provided under a policy of automobile liability insurance: 1. $25,000 for each person, subject to $50,000 for each accident, with respect to 'bodily injury.'" (Endorsement PP 1000 08 01 08, ECF No. 28 at 23.)

A definition is intended to set forth what a specific word or phrase means in the context of a

6

document, here an insurance contract. Thus, the $25,000 limit of liability for bodily injury applies to any part of Plaintiffs' policy where the phrase "minimum limits" is used. "Minimum limits" appears only in Part C of the policy, which governs Uninsured Motorists Coverage. (*See* Policy, ECF No. 28 at 13–14.) The phrase does not appear anywhere on the Declarations page or in Part A of the policy, which governs liability coverage (ECF No. 28, at 9-11), and therefore does not alter the $15,000 limit of liability for bodily injury set forth in the Declarations page. Furthermore, the limit of liability provision in Part A explains the limit of liability in the Declarations for each bodily injury liability as "our maximum limit of liability for all damages, including damages for … death…." (*Id*. at 11.)

Plaintiffs contend that because the definition of minimum limits does not expressly state that it applies only to Part C, the policy is ambiguous and therefore must be construed in favor of the insured. (Reply Br. 3–4, ECF No. 31.) While the Court acknowledges that the plain language must be viewed through the eyes of the reasonable consumer, the policy must be considered as a whole. Given that the phrase "minimum limits" is explicitly defined, there is no question that the definition applies only where that phrase is used. And it is used only in Part C. Thus, the Court finds that the policy is unambiguous when read as a whole. Because the phrase "minimum limits" does not appear anywhere on the Declarations page of the policy and in Part A of the policy, the $15,000 coverage limit for bodily injury listed on the Declarations is not altered by the definition of "minimum limits." Accordingly, Plaintiffs' motion for partial summary judgment is denied. The policy limit for bodily injury per accident is $15,000 as stated on the Declarations page.

//

/

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' first motion for partial summary judgment (ECF No. 13) is DENIED. Plaintiffs' motion to strike (ECF No. 14) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated this 20th day of June, 2018.

RAMONA V. MANGLONA
Chief Judge